## Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. Mary Kelley.

INSTRUCTION—*when, upon question of negligence, erroneous.* Held, that an instruction is erroneous which qualified the terms "care" and "negligence" by the use of the adjectives "slight" and "ordinary."

Action in case for personal injuries. Appeal from the Circuit Court of Edgar county; the Hon. E. R. E. KIMBROUGH, Judge, pre-

siding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed December 7, 1907.

GEORGE B. GILLESPIE, for appellant; L. H. HACKNEY, HAMLIN & GILLESPIE and R. L. McKINLAY, of counsel.

H. S. TANNER, F. R. DUNDAS and J. E. DYAS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case by appellee against appellant for the recovery of damages occasioned by injuries alleged to have been sustained by her through the negligence of certain servants of the appellant company in the operation of one of its trains while approaching a street crossing in the city of Paris, Illinois; and the further failure to ring the signal bells and lower the gates maintained by it at such crossing. A trial by jury resulted in a verdict and judgment against the defendant for $1,000, to reverse which this appeal is prosecuted. There is evidence in the record tending to show that appellant's servants were guilty of the negligence charged in the declaration. Whether or not appellee was in the exercise of due care for her own safety at the time she was injured, was the vital and controlling issue involved, and the evidence pertaining thereto was close and conflicting. It was therefore unusually imperative that the jury should have been fully, clearly and accurately instructed as to the exact degree of care required by law on the part of the plaintiff to entitle her to recover. The fifth instruction given at the request of the plaintiff reads as follows:

"The court instructs the jury that while the plaintiff must show by a weight of the evidence that she was in the use of due care at and before the time of the accident, that due care in this instance does not mean the highest degree of care; that due care means the absence of ordinary negligence, that the plaintiff may

have been using due care and at the same time have been guilty of slight negligence.''

This instruction was palpably inaccurate and misleading. The degree of care required by law of the plaintiff was that which a reasonably prudent person would have exercised under like or similar circumstances. When actionable negligence on the part of the defendant had been established, the only question remaining was whether the plaintiff was at the time she was injured exercising the full degree of care above stated, and, if not, whether such want of care contributed in any degree to her injury. In other words, to warrant a recovery, the injury must have been attributable to the negligence of the defendant, and to that alone. The qualification of the terms ''care'' and ''negligence'' by the use of the adjectives ''slight'' and ''ordinary,'' could only have tended to confuse and mislead the jury. In C., R. I. & P. Ry. Co. v. Hamler, 215 Ill. 525, the following language from the chapter on Negligence in 21 Am. & Eng. Ency. Law, 459, is quoted with approval:

''While not infrequent references are still found in judicial discussions of the classification of negligence into degrees, the tendency of modern authorities and the weight of the best considered cases are now opposed to this view, holding that in every case negligence, however described, is merely a failure to bestow the care and caution which the situation demands, and hence it is more accurate to call it simply negligence. Some decisions even go further, and declare that the classification of negligence into degrees is a matter of pure speculation and of no practical consequence; that it is useless and tends to confusion, and that, in fact, it is unsafe to base any legal decision on distinctions in the degrees of negligence.''

The court then says: ''One of the reasons given by the courts for disregarding supposed distinctions in degrees of negligence is the inability to give the terms 'slight,' 'ordinary' and 'gross' any definite meaning and the

impracticability of applying any rule based on the supposed distinction. It is clear that negligence cannot be divided into slight, ordinary and gross by definite lines so that a jury may understand the limits of each and assign each to its own department."

We regard the giving of this instruction as so clearly prejudicial as to render a reversal of the present judgment and the remandment of the cause necessary. We will therefore refrain from discussing the other defects in the instruction, or the remaining errors assigned on the record.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*